# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

DANIEL SNELLING                                                                       PLAINTIFF

v.                                          CIVIL ACTION NO. 1:17-CV-P41-GNS

PHIL GREGORY *et al.*                                                   DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a former convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Daniel Snelling leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the Logan County Detention Center (LCDC) and four LCDC officers in both their official and individual capacities – Jailer Phil Gregory, Chief Deputy Benny Kinney, Lieutenant Deputy Evan White, and Deputy Frank Sankara.

Plaintiff first alleges that on August 27, 2016, Defendant Sankara "entered the shower stall where [Plaintiff] was showering nude." Plaintiff next alleges that on August 29, 2016, Defendant Sankara "pull back bathroom curtain while [Plaintiff] was exposed while sitting on the toilet" and told Plaintiff "it was a matter of time before he got [Plaintiff]." Plaintiff states that on September 1, 2016, he informed "jail staff" that he had a conflict with one of the deputies and wanted to be transferred. He further states that he filed a Prison Rape Elimination Act (PREA) complaint on September 6, 2016. Plaintiff states that on September 7, 2016, Defendant Sankara came to his cell and intimidated Plaintiff "with hand gestures" and verbally communicated to Plaintiff "that this was not over and that he would get [Plaintiff]." Plaintiff

alleges that Defendant Sankara then began to laugh and smile while giving Plaintiff "the thumbs up." Based upon these allegations, Plaintiff claims that Defendant Sankara "engaged in a pattern of sexual harassment, threats, and intimidation." Plaintiff further claims that "once accused and exposed, [Defendant Sankara] attempted to harass, threaten, and intimidate [Plaintiff] into submission." Plaintiff writes: "This is direct violation of my civil rights under the 14 Amendment and 8th Amendment, i.e. cruel and unusual punishment."

As to Defendants Jailer Gregory, Deputy Chief Kinney, and Lt. White, Plaintiff writes that they failed to protect him "after being made aware of accusations. They allowed behavior to continue and allowed Accused to harass me after action to protect me was 'FINALLY' taken."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, but is no longer incarcerated, the Court must review this action under 28 U.S.C. § 1915(e). This statute requires a district court to dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Individual-Capacity Claims

### 1. Defendant Sankara

Plaintiff claims that Defendant Sankara's actions toward him violated Plaintiff's Eighth and Fourteenth rights. The Court can discern no Fourteenth Amendment claim based upon Plaintiff's allegations, but will analyze whether Plaintiff has stated a claim against Defendant Sankara for sexual harassment under the Eighth Amendment and retaliation under the First Amendment.

#### a. Sexual Harassment

Plaintiff alleges that Defendant Sankara walked in on him once while he was showering and once while he was sitting on the toilet "exposed." On this second occasion, Plaintiff alleges that Defendant Sankara told him that "it was a matter of time before he got [Plaintiff]." The Court construes these allegations as claims of sexual harassment.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). Circuit courts, however, consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual

harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 U.S. App. LEXIS 3685, at *3 (8th Cir. March 10, 2000) (holding that sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Zander v. McGinnis*, No. 97-1484, 1998 U.S. App. LEXIS 13533, at *5 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, at *8 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (corrections officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *4 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his

5

hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

Based upon the above-cited case law, the Court concludes that Plaintiff's allegations fail to state a claim under the Eighth Amendment. *See, e.g.*, *Cosgrove v. Burke*, No. 2:16-cv-110, 2016 U.S. Dist. LEXIS 139698, at *33 (W.D. Mich. Oct. 7, 2016) (setting forth cases discussed above and dismissing a sexual harassment claim under the Eighth Amendment where the plaintiff alleged that a prison official made sexual comments to him while he was in the shower but did not allege that the prison official touched him). As such, the Court will dismiss Plaintiff's Eighth Amendment sexual harassment claim for failure to state a claim upon which relief may be granted.

### b. Retaliation

Plaintiff also alleges that after he filed a PREA complaint against Defendant Sankara, Defendant Sankara went to Plaintiff's cell and intimidated Plaintiff "with hand gestures" and verbally communicated to Plaintiff "that this was not over and that he would get [Plaintiff]." Plaintiff claims that this was an attempt to "harass, threaten, and intimidate [Plaintiff] into submission." Although it is not entirely clear what Plaintiff intends, the Court will construe this as a retaliation claim.

> In the Sixth Circuit:
>
> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Court finds that Plaintiff's claim falls short with regard to the second element. A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights. *See, e.g.*, *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (threats to have a prisoner moved out of the unit so that he would lose his job and transferred to another institution far from his family constitute adverse action); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results constitutes an adverse action); *Thaddeus-X*, 175 F.3d at 396, 398 (threat of specific physical harm constitutes an adverse action).

However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. Along this line, courts have generally held that vague threats of unspecified harm do not constitute adverse actions. *See, e.g.*, *Hunter v. Palmer*, No. 1:17-cv-109, 2017 U.S. Dist. LEXIS 53181, at *31 (W.D. Mich. Apr. 6, 2017) (threat that "complaining would get [the plaintiff] into a lot of trouble" does not constitute an adverse action); *Smith v. Mohr*, No. 2:15-cv-1264, 2016 U.S. Dist. LEXIS 45995, at *25 (S.D. Ohio Apr. 5, 2016) (vague allegation of "threatened retaliatory punishment" insufficient to constitute an adverse action); *Downing v. Greer*, 2011 U.S. Dist. LEXIS 93961, at *3, 27 (W.D. Mich. Aug. 23, 2011) (the defendant's comment "looks like it's going to be a long stay" in response to the plaintiff's question regarding when he could expect to get out of jail too vague to constitute an adverse action).

Here, the Court similarly finds Plaintiff's allegation that Defendant Sankara communicated to him that "this was not over and that he would get [Plaintiff]" is too vague to constitute an adverse action. Thus, the Court will dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief may be granted.

7

## 2. Defendants Gregory, Kinney, and White

Finally, the Court turns to Plaintiff's claim that Defendants Gregory, Kinney, and White failed to protect him from Defendant Sankara. Plaintiff specifically alleges that he informed "jail staff" on September 1, 2016, that he had a "conflict" with Defendant Sankara, and that he filed a PREA report against Defendant Sankara on September 6, 2016. The only action that Plaintiff alleges Defendant Sankara took after Plaintiff made these reports is that Defendant Sankara came to Plaintiff's cell on September 7, 2016, and "intimidated [Plaintiff] with hand gestures and verbally communicated to [Plaintiff] 'that this was not over and that he would get [Plaintiff].'"

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.* To be deliberately indifferent, an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Court finds that it need to not determine whether Defendants were deliberately indifferent because Plaintiff's allegations regarding being harassed and threatened by Defendant Sankara do not permit a reasonable inference that Plaintiff was subject to a substantial risk of

serious harm.  Plaintiff does not allege that Defendant Sankara ever physically harmed him in any way or took any action in furtherance of his alleged threat to Plaintiff.  For these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment failure to protect claim against Defendants Gregory, Kinney, and White.  *See, e.g.*, *Ryan v. Watkins,* No. 1:14-cv-510, 2014 U.S. Dist. LEXIS 97046, at *10 (W.D. Mich. July 17, 2014) (holding no Eighth Amendment claim because "[a]bsent additional circumstances indicating that Defendant [] was likely to actually harm Plaintiff, Defendant's verbal harassment and threatening statement are not sufficient to demonstrate a substantial risk to Plaintiff's safety").

### B. LCDC and Official-Capacity Claims

Plaintiff's claims against LCDC and and his official-capacity claims against the individual Defendants are deemed claims against Logan County.  This is because "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v.Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)); *see also Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).  When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex.,* 503 U.S. 115, 120 (1992).

Because the Court has concluded that there is no underlying constitutional violation upon which municipal liability may be premised, the Court will dismiss Plaintiff's claim against LCDC and his official-capacity claims against the individual Defendants for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: June 14, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Logan County Attorney
4416.011